**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION**

AGNES LOUISE SMITH,

      Plaintiff,

        v.

NASA,

      Defendant.

Civil Action No. 12-cv-01331-AW

---

**<u>MEMORANDUM OPINION</u>**

    Pro se Plaintiff Agnes Louise Smith brings this action against Defendant NASA. Plaintiff asserts claims of racial discrimination, retaliation, and hostile work environment under Title VII. Defendant's Motion to Dismiss or, Alternatively, for Summary Judgment is outstanding. The Court has reviewed the record and deems no hearing necessary. For the reasons articulated herein, the Court **GRANTS** Defendant's Motion to Dismiss.

**I.      FACTUAL AND PROCEDURAL BACKGROUND**

    Except where otherwise indicated, the Court draws the following facts from Plaintiff's pro se Complaint and construes them in the most favorable light. Plaintiff (Smith) is an African-American female. Smith has worked at Defendant NASA since the 1970s. Smith alleges that NASA suspended her for one day for "disrespectful conduct." Doc. No. 1 at 5. NASA proposed the suspension on October 14, 2012 and it took place on October 26, 2010. Smith also alleges that NASA's decision to suspend her for one day was not supported by the evidence.

According to Smith, the Parties conducted settlement discussions under the auspices of an EEOC judge. Smith alleges that NASA agreed to repay her for the one day for which it suspended her during these settlement discussions.

Smith also alleges that the NASA employee who proposed her suspension referenced an incident in the late 1990s in which NASA had suspended Smith for unspecified reasons. Finally, Smith alleges that the NASA employee who proposed her 2010 suspension relied on erroneous information and that other people "played a significant part in this suspension." *Id.*

In January 2011, Smith filed an EEO complaint. Doc. No. 7-18 at 2. The EEO complaint states a claim for only retaliation. *Id.* On April 3, 2012, Smith received a right to sue letter. Doc. No. 1-1 at 1. The following month, Smith lodged the instant Complaint. In the Complaint, Smith asserts claims for racial discrimination and retaliation under Title VII. Doc. No. 1 at 2.

NASA filed a Motion to Dismiss or, Alternatively, for Summary Judgment (Motion to Dismiss) on August 1, 2012. Doc. No. 7. NASA makes two main arguments in its Motion to Dismiss. First, NASA argues that Smith failed to exhaust administrative remedies with respect to her racial discrimination claim. Second, NASA argues that Smith failed to state a cognizable retaliation claim.

Smith replied on August 20, 2012. Doc. No. 9. The Court will treat the response as both a response and Amended Complaint inasmuch as the Complaint is deficient on its face. The response contains three categories of allegations. First, Smith alleges that she has a history of filing EEO complaints, the last one (before the instant one) being filed on 2002. Second, she alleges that various NASA employees have relentlessly pursued her since 2002, thereby fueling a hostile work environment. Third, she suggests that the NASA employee who proposed her

suspension reviewed the 2002 EEO complaint in forming the recommendation that NASA suspend her.

## II.      STANDARD OF REVIEW

### A.      Motion to Dismiss for Lack of Subject Matter Jurisdiction—Rule 12(b)(1)

"There are two critically different ways in which to present a motion to dismiss for lack of subject matter jurisdiction." *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). "First, it may be contended that a complaint simply fails to allege facts upon which subject matter jurisdiction can be based." *Id.* Where the defendant contends that the complaint fails to allege facts sufficient to establish subject matter jurisdiction, "all the facts alleged in the complaint are assumed to be true and the plaintiff, in effect, is afforded the same procedural protection as he would receive under a Rule 12(b)(6) consideration." *Id.* "Second, it may be contended that the jurisdictional allegations of the complaint [are] not true." *Adams*, 697 F.2d at 1219. In such cases, "the court is free to consider exhibits outside the pleadings to resolve factual disputes concerning jurisdiction." *Zander v. United States*, 843 F. Supp. 2d 598, 603 (D. Md. 2012) (internal quotation marks omitted) (quoting *Smith v. Wash. Metro. Area Transit Auth.*, 290 F.3d 201, 205 (2002)).

### B.      Motion to Dismiss for Failure to State a Claim—Rule 12(b)(6)

The purpose of a motion to dismiss is to test the sufficiency of the plaintiff's complaint. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). In two recent cases, the U.S. Supreme Court has clarified the standard applicable to Rule 12(b)(6) motions. *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). These cases make clear that Rule 8 "requires a 'showing,' rather than a blanket assertion, of entitlement to

relief." *Twombly*, 550 U.S. at 556 n.3 (quoting Fed. R. Civ. P. 8(a)(2)). This showing must

consist of at least "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

In deciding a motion to dismiss, the court should first review the complaint to determine

which pleadings are entitled to the assumption of truth. *See Iqbal*, 129 S. Ct. at 1949–50. "When

there are well-pleaded factual allegations, a court should assume their veracity and then

determine whether they plausibly give rise to an entitlement to relief." *Id.* at 1950. In so doing,

the court must construe all factual allegations in the light most favorable to the plaintiff. *See*

*Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999). The Court

need not, however, accept unsupported legal allegations, *Revene v. Charles County*

*Commissioners* 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual

allegations, *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or conclusory factual allegations

devoid of any reference to actual events, *United Black Firefighters v. Hirst*, 604 F.2d 844, 847

(4th Cir. 1979).

## III.    LEGAL ANALYSIS

### A.    Racial Discrimination

#### 1.    *Failure to Exhaust*

Federal courts generally lack subject matter jurisdiction over employment discrimination

claims concerning which the plaintiff has failed to file a charge of discrimination. *See Jones v.*

*Calvert Grp., Ltd.*, 551 F.3d 297, 300–01 (4th Cir. 2009). The contents of the charge determine

the scope of the plaintiff's right to file a federal lawsuit. *See Bryant v. Bell Atl. Md., Inc.*, 288

F.3d 124, 132 (4th Cir. 2002). Usually, "[o]nly those discrimination claims stated in the initial

charge, those reasonably related to the original complaint, and those developed by reasonable

investigation of the original complaint may be maintained in a subsequent [employment discrimination] lawsuit." *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 963 (4th Cir. 1996). Thus, plaintiffs typically may not bring claims where the EEO complaint alleges discrimination on one basis and the complaint alleges discrimination on a separate basis. *See Bryant*, 288 F.3d at 132–33.

In this case, in her EEO complaint, Smith states that NASA violated Title VII on the basis of retaliation only. Furthermore, the contents of the EEO complaint mirror those of Smith's pleadings insofar as Smith makes no mention of alleged racial discrimination. The record contains no indication that the EEOC conducted an investigation into racial discrimination on the basis of the EEO complaint. The administrative judge who heard Smith's complaint stated in her decision that the issue was whether NASA had discriminated against Smith "on the basis of **reprisal**." *See* Doc. No. 7-12 at 5 (emphasis added). Therefore, Smith has failed to exhaust administrative remedies on her racial discrimination claims. Consequently, the Court dismisses this claim with prejudice.

> 2.    *Failure to State a Claim*

Assuming arguendo that Smith exhausted administrative remedies on her racial discrimination claim, the claim is still not cognizable. Both the Complaint and the response (which the Court treats as an Amended Complaint) are bereft of any allegations that create a plausible inference of racial discrimination. Smith fails to allege that NASA treated her differently than similarly situated employees outside her protected class; that NASA used offensive language such as slurs or code words; that NASA has a history of discrimination against African-American females; or that statistical data of NASA's racial discrimination exists. Therefore, Smith fails to state a facially plausible claim of racial discrimination.

**B.      Retaliation**

To state a prima facie case of retaliation under Title VII, a plaintiff must establish: "(1) that she engaged in protected activity; (2) that her employer took an adverse employment action against her; and (3) that a causal connection exist[s] between the protected activity and the adverse employment action." *Tasciyan v. Med. Numerics*, 820 F. Supp. 2d 664, 675 (2011) (citing *Davis v. Dimensions Health Corp.*, 639 F. Supp. 2d 610, 616–17 (D. Md. 2009)). "An employee may satisfy the first element by showing that she opposed a practice that Title VII prohibits." *Id.* (citing *Davis*, 639 F. Supp. 2d at 617). "One court has defined opposition as 'utilizing informal grievance procedures as well as staging informal protests and voicing one's opinions in order to bring attention to an employer's discriminatory activities.'" *Id.* (quoting *Davis*, 639 F. Supp. 2d at 617). "For such activity to constitute opposition, the plaintiff must have a reasonable and good faith belief that the conduct that she opposes constitutes unlawful discrimination under Title VII." *Id.* (citing *Clark Cnty. Sch. Dist. v. Breeden*, 532 U.S. 268, 271 (2001)). "Opposition almost always arises when an employee communicates to her employer her reasonable belief that the employer has engaged in discrimination." *Id.* (citing *Crawford v. Metro. Gov't of Nash. and Davidson Cnty., Tenn.*, 555 U.S. 271, 276 (2009)).

Element three of the prima facie case for retaliation relates to causation. Generally, plaintiffs must demonstrate that the alleged opposition caused the at-issue adverse action through two evidentiary routes. First, plaintiffs may show that the adverse act bears sufficient temporal proximity to the protected activity. *See, e.g.*, *Breeden*, 532 U.S. at 273–74. Second, as this Court has consistently held, "plaintiffs may state a prima facie case of causation by relying on evidence other than, or in addition to, temporal proximity where such evidence is probative of causation."

*Jenkins v. Gaylord Entm't Co.*, 840 F. Supp. 2d 873, 881 (D. Md. 2012) (citing cases); *see also, e.g.*, *Lettieri v. Equant Inc.*, 478 F.3d 640, 650 (4th Cir. 2007) (holding that "other relevant evidence may be used to establish causation" where temporal proximity is missing).

In this case, Smith fails to state a cognizable retaliation claim. The pleadings fail to create a plausible inference that Smith opposed a practice that Title VII prohibits. Smith does not allege that she communicated to NASA her belief that it discriminated or retaliated against her and that, on this basis, NASA took the allegedly adverse action of suspending her for one day. The pleadings simply say that Smith was suspended for one day because of "disrespectful conduct." Smith fails to specify the content of this allegedly disrespectful conduct.

Smith also seems to allege that NASA suspended her for her prior series of EEO grievances that concluded in 2002. Yet, again, Smith fails to provide allegations creating a plausible inference that she founded these charges on discrimination.

Even if one could plausibly construe the 2002 activity as opposition, Smith's retaliation claim would fail to create a plausible inference of causation. Smith does not offer any allegations supporting the inference that discriminatory animus motivated NASA's decision to suspend her for a day. Therefore, Smith relies on temporal proximity alone in attempting to forge a nexus between the 2002 activity and her suspension. It goes without saying that temporal proximity of approximately eight years is too long to create a plausible inference of causation. *See, e.g.*, *Breeden*, 532 U.S. at 274 ("Action taken . . . 20 months later suggests, by itself, no causality at all."). Accordingly, Smith's retaliation claim is not cognizable. Since Smith's response adds nothing to her Complaint in this regard, the Court dismisses her retaliation claim with prejudice.

**C.      Hostile Work Environment**

In light of her pro se status, the Court will assume that Smith alleges a hostile work environment claim in her response. This claim likewise fails as a matter of law. First, Smith failed to exhaust administrative remedies on this claim. In short, Smith failed to check in the boxes for either racial or sex discrimination in her EEO complaint, and the EEO complaint contains no factual contentions suggesting a hostile work environment. Doc. No. 7-18 at 2.

Second, the response's allegations fail to create a plausible inference that the alleged discrimination was either severe or pervasive or because of Smith's status as an African-American female. As for the severe or pervasive element, the response simply alleges that, since the 2002 incident, NASA has engaged in the following conduct: (1) assigning Smith to a "special unit"; (2) moving Smith to a "special building" and placing her in an isolated room; (3) assigning Smith disproportionately large workloads; (4) requiring Smith to "hand-carry" her completed work regardless of weather conditions; and (5) suspending her for one day. Given their vagueness and occurrence over the span of eight years, these allegations fail to create a plausible inference that the alleged discrimination was sufficiently frequent, severe, and/or humiliating to satisfy the severe or pervasive element.

Even if these allegations stated a facially plausible claim under the severe or pervasive element, they would fail to state a facially plausible claim under the "because of" element. The allegations from both the Complaint and the response are devoid of any indication that Smith's race and/or sex animated NASA's decision to engage in these acts.

Given its glaring deficiencies and Smith's failure to state it in her Complaint, it is implausible that granting Smith leave to amend would result in her pleading a cognizable hostile work environment claim. Consequently, the Court dismisses this claim with prejudice.

**IV.      CONCLUSION**

For the foregoing reasons, the Court **GRANTS** NASA's Motion to Dismiss. A separate

Order follows.


_____September 25, 2012_____                              _____/s/_____
             Date                                                              Alexander Williams, Jr.
                                                                                United States District Judge